Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| KATHERIN ROMÁN<br><br>APELANTE<br><br>v.<br><br>DEPARTAMENTO DE JUSTICIA<br><br>APELADO | TA2026AP00465 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2026CV00030<br><br>Sobre: Ley de transparencia y procedimiento expedito para acceso a la información pública |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

## I.

El 6 de mayo de 2026, la señora Katherin Román (señora Román o apelante) presentó, por derecho propio, un recurso de *Apelación* en el que nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 6 de abril de 2026, notificada y archivada digitalmente en autos el mismo día.[1] Mediante esta, el TPI declaró Ha Lugar la solicitud de desestimación presentada por el Departamento de Justicia, por el fundamento de academicidad.

El 7 de mayo de 2026, emitimos una *Resolución* concediendo a la parte apelada hasta el 5 de junio de 2026 para presentar su alegato en oposición.[2]

---

[1] Véase entrada núm. 19 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

En cumplimiento de orden, el Departamento de Justicia (apelada), a través de la Oficina del Procurador General, presentó un alegato en oposición al recurso.[3]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y procedemos a discutir los hechos pertinentes a la controversia ante nuestra consideración.

**II.**

El caso de marras tuvo su génesis el 7 de enero de 2026, cuando la apelante presentó, por derecho propio, un *Recurso Especial de Acceso a Información Pública,* al amparo de la *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública,* Ley Núm. 141 de 1 de agosto de 2019, según enmendada, 3 LPRA sec. 9911 *et seq.* (Ley Núm. 141-2019), en contra del Departamento de Justicia.[4] Indicó que, el 19 de noviembre de 2025, le solicitó al Departamento de Justicia la producción de la siguiente información:

A. Gastos de representación, adelantos, pagados o rembolsados, incurridos por concepto de representación legal y/o cualquier otra profesión que haya representado al Departamento de Justicia en cualquier dependencia estatal, federal y/o de cualquier índole durante el periodo del 1 de enero de 2019 al 31 de octubre de 2025. Se solicitan las cantidades de dinero pagadas a todas las personas y/o personas jurídicas (corporaciones, sociedad, etc.). El nombre de la persona y/o persona jurídica que recibió dicha cantidad, fecha de la factura, fecha de pago, número de contrato, propósito del pago y/o adelantos, sus facturas, anejos (documentos que corroboren dicho pago y/o adelanto y cualquier documento o comunicación que acredite los pagos y/o adelantos y su gestión. Se solicita la información según aparece en el Sistema de Contabilidad Central (PRIFAS, por sus siglas en inglés).

B. Informes de viajes oficiales (viajes fuera de Puerto Rico) con especificación de destino, gastos, fecha de la factura, fecha de pago, nombre del funcionario, descripción del servicio, propósito y forma de pago durante el periodo del 1 de enero de 2019 al 31 de octubre de 2025. Se refiere a los viajes que haya realizado algún funcionario del Departamento de Justicia fuera de Puerto Rico para realizar una gestión oficial de la agencia ya sea para recibir un adiestramiento, etc. Se solicita la información según aparece en el Sistema de Contabilidad Central (PRIFAS, por sus siglas en inglés).

---

[3] Íd., entrada núm. 5.
[4] Véase entrada núm. 1 en el SUMAC-TPI.

C. Informes de viajes oficiales (viajes dentro de Puerto Rico) con especificación de destino, gastos, fecha de la factura, fecha de pago, nombre del funcionario, descripción del servicio, propósito y forma de pago durante el periodo del 1 de enero de 2019 al 31 de octubre de 2025. Se refiere a los viajes que algún empleado de la agencia haya realizado como gestión diaria de su puesto y que haya solicitado el desembolso de los gastos incurridos ya sea por visitar a otra agencia o dependencias estatal o federal e incluso visitas a víctimas de delitos, etc. Se solicita la información según aparece en el Sistema de Contabilidad Central (PRIFAS, por sus siglas en inglés).

Según alegó, hasta esa fecha, la información solicitada no le fue provista, sin justificación alguna. Arguyó que, dicha información solicitada es de carácter público ya que documentos son producidos, conservados y/o recibidos por el Departamento de Justicia. Por ello, le solicitó al TPI que ordenara a la apelada a entregar la misma.

El 10 de febrero de 2026, el Departamento de Justicia presentó una *Moción de Desestimación* bajo la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[5] Mediante esta, indicó que, el 10 de febrero de 2026, la entidad gubernamental le proveyó a la señora Román la información disponible que contestaba su petición de información pública. Mencionó que, en dicha respuesta, la apelada no incluyó información relativa al periodo comprendido del año 2024 y de los meses de enero a septiembre de 2025, ya que ésta se le había provisto a la apelante el 31 de octubre de 2025, mediante la respuesta a una solicitud de información previa. Así las cosas, argumentó que el recurso se tornó académico y que procede la desestimación del mismo, toda vez que la solicitud en controversia ya fue atendida por el Departamento de Justicia.

El 27 de febrero de 2026, la apelante presentó una *Moción en cumplimiento de Orden, Oposición a "Moción de Desestimación" y Solicitud de Orden.*[6] Arguyó que los documentos recibidos no son los documentos oficiales del Sistema de Contabilidad Central (PRIFAS) y que, además, están incompletos. Adujo que el formato de los

---

[5] Íd., entrada núm. 5.
[6] Íd., entrada núm. 9.

documentos recibidos es distinto a aquellos que recibió en octubre de 2025. Por lo cual, alegó que la apelada no ha cumplido cabalmente con la solicitud. Así las cosas, suplicó que no se desestimara su petición.

El 6 de marzo de 2026, el Departamento de Justicia presentó una *Réplica a "Moción en Cumplimiento de Orden, Oposición a Moción de Desestimación y Solicitud de Orden"*.[7] Por su parte, arguyó que la información provista a la apelante sí surge de la información descargada del Sistema de Contabilidad Central (PRIFAS). Asimismo, la apelada sostiene que proveyó la información completa, según la solicitud de la apelante. Por lo anterior, reiteró su argumento respecto a que el recurso es académico y que procede su desestimación.

El 16 de marzo de 2026, la apelante presentó una *Dúplica a "Réplica a Moción en Cumplimiento de Orden, Oposición a "Moción de Desestimación" y Solicitud de Orden"*.[8] Insistió en que el Departamento de Justicia no le ha provisto la información solicitada por lo que se opuso al argumento de que la petición se tornó académica.

El 6 de abril de 2026, el TPI emitio una *Sentencia*.[9] El foro primario declaró Ha Lugar la solicitud de desestimación presentada por el Departamento de Justicia, por el fundamento de academicidad. Esto, dado que la apelada notificó que la información solicitada fue provista a la apelante.

Inconforme con la determinación del foro primario, la apelante presentó el recurso de apelación de epígrafe en el que formuló los siguientes señalamientos de error:

**Primer Error: Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que**

---

[7] Íd., entrada núm. 13.
[8] Íd., entrada núm. 17.
[9] Íd., entrada núm. 19.

se tornó académica la controversia cuando surge del expediente judicial que el Departamento de Justicia no ha entregado los documentos oficiales íntegros extraídos del sistema de contabilidad utilizado por la agencia (PRIFAS) con todos los renglones solicitados sobre los gastos de representación y los viajes oficiales.

**Segundo Error: Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia cuando surge del expediente judicial que la agencia no explicó las inconsistencias en los documentos entregados tanto, en su color, tamaño, composición del encabezamiento, entre otros, según se detalló en la moción en cumplimiento de orden del 27 de febrero de 2026. Entrada Núm. 9 de SUMAC.**

**Tercer Error: Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin ordenar al Departamento de Justicia que la persona encargada del área de finanzas, contabilidad y/o la división correspondiente provea una certificación donde acredite que los documentos son una extracción de la plataforma electrónica PRIFAS y que su contenido es [í]ntegro, completo y exacto del periodo del 1 de enero de 2019 al 31 de octubre de 2025.**

**Cuarto Error: Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que los documentos electrónicos del sistema sobre informes de viajes oficiales y gastos de representación son documentos públicos y deben ser entregados íntegramente conforme lo establece la Ley 107-2025, Ley 230-1974, Ley 148-2006 y la Ley 122-2019.**

**Quinto Error: Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que el Departamento de Justicia debe cumplir con el Artículo 3 (8) de la Ley 141-2019, para brindar los documentos conforme los avances tecnológicos de "forma oportuna, objetiva, veraz, completa, reutilizable, procesable y**

disponible en formatos accesibles, inalterados e íntegros."

**Sexto Error:** Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que el Departamento de Justicia no cumplió con el Artículo 7 de la Ley 141-2019 al no haber contestado el requerimiento de información y haber presentado "los fundamentos jurídicos", si alguno, de forma oportuna[.]

**Séptimo Error:** Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que el Departamento de Justicia no cumplió el Artículo 8 de la Ley 141-2019 ya que no brindó los documentos en el "formato solicitado y por el medio que el solicitante haya señalado".

**Octavo Error:** Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que el argumento del Departamento de Justicia sobre el caso *Mamery Viñals v. Santiago*, KLAN201401411 no es de aplicación al caso de epígrafe.

**Noveno Error:** Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que el Departamento de Justicia no puede ir en contra de sus propios actos al alegar que el nombre de los funcionarios afecta el derecho a la intimidad cuando el propio Departamento de Justicia entregó en otra solicitud el nombre de los funcionarios con sus puestos y salarios[.]

**Décimo Error:** Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que las facturas de los gastos de representación son documentos públicos y deben ser entregados[.]

**Undécimo Error:** Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe

**determinando que se tornó académica la controversia sin resolver que el Departamento de Justicia no cumplió con el Artículo 8 incisos (C) y (D) del Reglamento Núm. 9446 del 29 de marzo de 2023 conocido como el "Reglamento para la Evaluación y Procesamiento Expedito de las Solicitudes de Información Pública bajo la Custodia del Departamento de Justicia"**

**Duodécimo Error: Erró y abus[ó] de su discreción el Honorable TPI al desestimar el caso de epígrafe determinando que se tornó académica la controversia sin resolver que el Departamento de Justicia no cumplió con el Artículo 9 inciso (a) (1) y el Artículo 11 del Reglamento Núm. 9446 del 29 de marzo de 2023 conocido como el "Reglamento para la Evaluación y Procesamiento Expedito de las Solicitudes de Información Pública bajo la Custodia del Departamento de Justicia"[.]**

La apelante alegó que el Departamento de Justicia no expresó, de manera oportuna, fundamento jurídico alguno para denegar la información, tal cual fue solicitada. Adujo que la apelada no demostró un interés apremiante para negar los documentos públicos solicitados, al invocar la confidencialidad de estos. Además, arguyó que la apelada alegó, tardíamente, que las facturas no pueden ser provistas porque violarían el principio abogado-cliente, por lo que sostuvo que, dicho argumento no debió ser considerado por el TPI.

Asimismo, la señora Román adujo que los documentos recibidos no son los documentos oficiales del Sistema de Contabilidad Central, según ésta los solicitó. Expresó, que la apelada creó un documento cuando la información ya existe en un sistema electrónico de la agencia. En resumidas cuentas, la apelante insistió en que tiene derecho a que se le entregue la información, según la solicitó.

De la otra parte, la apelada presentó un alegato en oposición. En síntesis, arguyó que el Departamento de Justicia brindó la información solicitada, que no era confidencial, por lo cual,

argumentó que se tornó en académico el recurso, tal como lo resolvió el TPI. Por su parte, adujo que el contenido de las tablas remitidas a la señora Román corresponden fielmente a la información descargada del Sistema de Contabilidad Central (PRIFAS) por lo que alegó que cumplió con su obligación bajo la Ley Núm. 141-2019, *supra*. Así pues, alegó que cumplió con exportar los datos existentes del sistema y enviarlos a la apelante.

En particular, la apelada señaló que, los destinos de los viajes no constan el Sistema de Contabilidad Central (PRIFAS), razón por la cual no fueron provistos. Asimismo, expresó que cumplió con su deber de transparencia al divulgar los datos que no eran confidenciales. Argumentó que las facturas detalladas por servicios legales están protegidas por el privilegio abogado-cliente, por lo que, cumplió con su deber de transparencia al divulgar los datos que no son confidenciales.

**III.**

**A.**

Es norma de derecho reiterada y establecida que, la facultad de los tribunales para entender en un pleito solamente debe darse ante la existencia de un caso o controversia". ***Buxo Santiago v. ELA et als.***, 2024 TSPR 130, 215 DPR __ (2024). Es decir, que los casos sean justiciables, ya que su función es adjudicar controversias reales y vivas, en las que existan partes con intereses encontrados cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica. Íd. Para determinar si la controversia entre las partes sigue viva y subsiste en el tiempo, los tribunales tenemos que evaluar los eventos anteriores que dieron inicio al pleito, la adversidad presente y los eventos futuros. ***Amadeo Ocasio v. Pierluisi Urrutia***, 211 DPR 278, 287 (2023); ***Asoc. Fotoperiodistas v. Rivera Schatz***, 180 DPR 920, 933 (2011).

Uno de los factores para determinar si un caso es justiciable, es la norma de academicidad. El fin primordial de esta doctrina es "evitar el uso inadecuado de los recursos judiciales y evitar precedentes innecesarios". *Super Asphalt v. AFI y otro*, 206 DPR 803, 815-816 (2021).

Según ha establecido nuestro más alto foro, un caso es académico cuando "se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que éste haya sido reclamado o una sentencia sobre un asunto, que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente". *Super Asphalt v. AFI y otro*, supra, pág. 816; *Asoc. Fotoperiodistas v. Rivera Shatz*, supra, pág. 932. De la misma forma, un caso puede tornarse académico por cambios en los hechos judiciales o fácticos que surgen, durante el transcurso del caso. *Super Asphalt v. AFI y otro*, supra. Si en efecto un caso se convierte en académico, el tribunal debe abstenerse de considerarlo en los méritos. *Super Asphalt v. AFI y otro*, supra; *Amadeo Ocasio v. Pierluisi Urrutia*, supra, pág. 287.

No obstante, la doctrina de academicidad reconoce varias excepciones en su aplicación cuando: (1) se plantea una cuestión recurrente o susceptible de volver a ocurrir; (2) cuando el demandado ha modificado la situación de hechos, pero el cambio no aparenta ser permanente, y (3) cuando aspectos de la controversia se tornan académicos, pero subsisten consecuencias colaterales que tienen vigencia y actualidad. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 933 (2011); *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 281(2010).

**B.**

En nuestro ordenamiento jurídico, los ciudadanos poseen un derecho fundamental al acceso a la información pública, el cual está

estrechamente vinculado con los derechos a la libertad de palabra, prensa y asociación. Art. II, Sec. 4, **Const. ELA**, LPRA, Tomo 1; ***Kilometro O, Inc. v. Pesquera López et al.***, 207 DPR 200, 207 (2021). Este derecho garantiza que toda persona pueda examinar el contenido de los expedientes, informes y documentos que hayan sido recopilados por el Estado durante sus gestiones gubernamentales. Íd. Ahora bien, el ejercicio de este derecho depende de que la información solicitada sea propiamente pública. ***Engieneering Services v. AEE***, 205 DPR 136, 147 (2020).

En armonía con el mandato constitucional, la Asamblea Legislativa aprobó la Ley Núm. 141-2019, *supra*, con el fin de promover el acceso de información pública a través de mecanismos procesales sencillos, ágiles y económicos que propicien la transparencia en los asuntos gubernamentales. Véase, Exposición de Motivos de la Ley Núm. 141-2019, *supra.*

El Artículo 6 de la Ley Núm. 141-2019, *supra*, sec. 9916, establece que cualquier persona podrá solicitar información pública, ya sea por escrito o por la vía electrónica, sin necesidad de acreditar algún interés particular o jurídico.

En cuanto a la producción de la información, toda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en el término establecido. Art. 7 de la Ley Núm. 141-2019, *supra*, sec. 9917. Ahora bien, no se podrá divulgar información que haya sido expresamente clasificada como confidencial en alguna ley, reglamento o determinación judicial previo a la solicitud de información. Íd.

Adviértase que, "ninguna entidad podrá ser obligada a generar o elaborar un documento que no exista al momento de presentarse la solicitud". Artículo 8 de la Ley Núm. 141-2019, *supra*, sec. 9918. Si la entrega de la información requerida implica un gasto

extraordinario, la entidad gubernamental divulgará la misma en el formato disponible o de menor costo. Íd.

Por otra parte, el Artículo 9 de la Ley Núm. 141-2019, *supra*, sec. 9919, dispone que, en caso de que la entidad gubernamental deniegue la información solicitada o no la entregue dentro del término establecido, el solicitante podrá presentar —por derecho propio o mediante representación legal— un recurso especial de acceso a información pública ante el Tribunal de Primera Instancia.

Adviértase que, el Estado no puede negarse de manera caprichosa ni arbitraria a permitir su acceso. ***Colón Cabrera v. Caribbean Petroleum***, 170 DPR 582, 590 (2007). Por tal razón, la negativa debe estar debidamente fundamentada y justificada. Íd. Siendo ello así, se ha establecido que, para que el Estado pueda reclamar la confidencialidad de cierta información, será necesario lo siguiente: (1) una ley que así lo declare; (2) la comunicación debe estar protegida por algún privilegio evidenciario; (3) la divulgación de la información podría vulnerar derechos fundamentales de terceros; (4) que se trate de un confidente, conforme a la Regla 515 de Evidencia, 32 LPRA Ap. VI, R. 515; y/o (5) que sea información oficial, conforme a la Regla 514 de Evidencia, 32 LPRA Ap. VI, R. 514. ***Kilómetro 0, Inc. v. Pesquera López***, supra, pág. 210; véanse, además, el Art. 4 de la *Ley de Datos Abiertos del Gobierno de Puerto Rico*, Ley Núm. 122-2019, 3 LPRA sec. 9894 y el Art. 7(3)(E) del Reglamento Núm. 9446 de 29 de marzo de 2023, Reglamento para la Evaluación y Procesamiento Expedito de las Solicitudes de Información Pública bajo la custodia del Departamento de Justicia, págs. 16-18.

De otra parte, la Ley Núm. 141-2019, *supra*, cumple con propósitos similares a la ley federal conocida como *Freedom of Information Act* (FOIA), 5 USCA sec. 552 *et seq.*, cuya jurisprudencia es altamente persuasiva. En ese sentido, ni el FOIA ni la Ley Núm.

141-2019, *supra,* obligan al Gobierno a crear documentos a la medida, que respondan a una petición en particular ni a brindar información abstracta, sino a los documentos que físicamente obran en las agencias. Véanse, **US Department of Justice v Tax Analysts**, 492 U.S. 136 (1989) y **Forsham v. Harris**, 445 U.S. 169 (1980).

**IV.**

En el caso que nos ocupa, nos corresponde resolver si el TPI incidió al desestimar la petición de acceso a información pública presentada por la apelante. Esto, debido a que el Departamento de Justicia notificó que proveyó la información solicitada por lo que planteó que el caso se tornó académico.

La apelante señala varios errores que, tal como los discutió, se atenderán en conjunto. En síntesis, la señora Román alega que los documentos recibidos no son íntegros del Sistema de Contabilidad Central (PRIFAS), según solicitó, debido a que, en su formato, son distintos a aquellos que recibió en una petición similar previa. Además, menciona que, los nombres de los funcionarios y abogados, así como las facturas sobre gastos de representación son documentos públicos que le deben ser entregados en su totalidad.

En cambio, la apelada plantea en su oposición que cierta información solicitada por la apelante está protegida por privilegios evidenciarios y que puede lesionar derechos fundamentales de terceros. Además, argumenta que, la entidad gubernamental no tiene la obligación de generar documentos nuevos para satisfacer una solicitud particular a los fines de preparar un informe o recopilar datos que no existían previamente. Por su parte, alega que el contenido de las tablas provistas a la apelante sí corresponde fielmente a la información descargada del Sistema de Contabilidad Central (PRIFAS). Argumenta que la Ley Núm. 141-2019, *supra,* garantiza el acceso a la información pública, mas no establece que

será en un formato particular. Por lo que, sostiene que, el foro primario no abusó de su discreción al desestimar la demanda toda vez que el Departamento de Justicia cumplió con su obligación de proveer la información solicitada.

Tras un análisis objetivo, sereno y cuidadoso del expediente ante nuestra consideración, en correcta práctica adjudicativa apelativa, resulta evidente que el TPI no cometió los errores señalados, sino que actuó conforme a derecho. Tal como la apelante los discutió, los errores señalados se atenderán en conjunto.

De una lectura cuidadosa del expediente, se desprende que el 19 de noviembre de 2025, la apelante presentó la referida solicitud de información al Departamento de Justicia, por correo electrónico. Consecuentemente, el 10 de febrero de 2026, el Departamento de Justicia cursó una misiva a la apelante, mediante correo electrónico, en la que incluyó una serie de anejos, que, según se menciona, contienen la información solicitada. Esta, a excepción de la información que la entidad gubernamental le había provisto a la apelante mediante una comunicación del 31 de octubre de 2025, con relación a otra solicitud similar.

De los autos, observamos que el Departamento de Justicia sí notificó, en una misiva previa a la radicación de la petición del 19 de noviembre de 2025, que la información sobre los nombres de los funcionarios que realizaron los viajes no podía ser divulgada porque podía lesionar derechos fundamentales de terceros y por las funciones que algunos funcionarios desempeñan, pudiendo la información comprometer su seguridad.

Como se expuso en la sección anterior, todo ciudadano tiene un derecho constitucional de acceder a información y documentación pública. Es menester destacar que, aun cuando el acceso a la información pública constituye un pilar esencial de nuestro sistema democrático, dicho derecho constitucional no es

absoluto y admite limitaciones legítimas cuando así lo dispone la ley. Toda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos de los cuales se basa. Véase, Artículo 7 de la Ley Núm. 141-2019, *supra.* En el caso de marras, la apelante sostiene que el Departamento de Justicia no justificó porqué no produjo cierta información. De un análisis del expediente, constatamos que sí ocurrió.

De conformidad con el Reglamento Núm. 9446, *supra,* se considera parte de las excepciones a la divulgación, entre otras, aquella información a la que le aplique alguno de los privilegios evidenciarios y aquella que si fuera divulgada podría invadir la privacidad de un tercero o lesionar sus derechos. Amparados en ese precepto, el Departamento de Justicia no remitió parte de la información solicitada. Sobre los destinos de los viajes, la apelada expone que ello no costa en la plataforma de PRIFAS, razón por la cual no fue producida.  Por lo que, la apelada cumplió con el estatuto.

De otra parte, nótese que, aunque el Artículo 8 de la Ley Núm. 141-2019, *supra,* dispone que la información pública solicitada se entregará en el formato solicitado y por el medio que el solicitante haya señalado, ello supone que dicho método no resulte en un costo mayor que la entrega en el formato que usualmente utiliza la entidad gubernamental, ni suponga un riesgo para la integridad del documento. Por lo que, nada impide que, aun cuando existe un documento, la entidad gubernamental cree uno nuevo con tablas, por ejemplo, para proyectar, de forma más simple, la información solicitada. Por ello, no nos mueve a variar la determinación del foro primario el hecho de que la documentación actual no tenga el mismo formato que la que en una ocasión anterior la apelante recibió.

En esencia, la apelante solicitó información sobre gastos de representación, sus facturas y de viajes oficiales, con los nombres

de los empleados del Departamento de Justicia. De una lectura cuidadosa de las tablas remitidas a la apelante, pudimos constatar que, en efecto, esa es la información que las mismas contienen. Por lo cual, concluimos que, el Departamento de Justicia cumplió con su deber de suplir la información en su poder y que no era confidencial, a tenor con la normativa legal aplicable.

La apelada proveyó mediante varias tablas lo siguiente: 1) nombre del suplidor, 2) propósito del contrato, 3) número de contrato, 4) fecha de factura, 5) fecha de pago, y 6) cantidad pagada. Respecto a las facturas de los gastos de representación, estas son materia cubierta por el privilegio abogado-cliente, las cuales la ley permite proteger, para evitar comprometer la seguridad de las partes involucradas. Precisamente, así lo justificó la apelada.

De lo anterior se desprende, que la información remitida por la apelada es responsiva al requerimiento de información de la apelante.

Tal como pormenorizamos precedentemente, un caso se convierte en académico cuando durante el trámite judicial ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución. ***Super Asphalt v. AFI y otro***, supra, pág. 816. Dicho de otro modo, un caso es académico cuando se trata de obtener un fallo sobre una controversia inexistente o una sentencia que, por alguna razón, no podrá tener efectos prácticos. Íd. Como consecuencia, un foro judicial carece de jurisdicción para atender un recurso que adolece de academicidad y debe abstenerse de considerar los méritos de ese caso.

A tenor con todo lo anterior, resulta forzoso concluir que el TPI no cometió los errores señalados. Ante la entrega de la información solicitada por la apelante, el caso se tornó académico por lo que, en efecto, debía desestimarse. En el caso de marras, no existe una controversia genuina y viva entre las partes adversas que

amerite la intervención judicial. Tampoco está presente alguna de las excepciones que provee nuestro ordenamiento jurídico en torno a la doctrina de academicidad.

**V.**

Por los fundamentos pormenorizados, se *confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones